UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAYRA M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-5411-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Mayra M. seeks review of the denial of her application for Supplemental Security Income, contending the ALJ erred in evaluating the limitations caused by her migraine headaches. Dkt. 13. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 31 years old and was 28 years old on the alleged onset date; she has at least a high school education and has no past relevant work. Tr. 34. In October 2022, plaintiff applied for benefits, alleging disability as of June 1, 2014; she later amended her alleged onset date to March 23, 2023. Tr. 85, 279. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on June 12, 2025, issued a decision finding plaintiff not disabled. Tr. 17-36. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: migraines, post concussive syndrome from motor vehicle accident, generalized anxiety disorder, major depressive disorder, and posttraumatic stress disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 20-22. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work except she could only occasionally climb ladders, ropes, or scaffolds; occasionally crawl; occasionally balance; have occasional exposure to vibration and to temperature or humidity extremes; occasionally reach overhead bilaterally; have occasional exposure to bright light and loud noise; understand, remember and apply detailed but not complex instructions; perform predictable tasks but not in a fast paced, production type environment; and have exposure to occasional workplace changes. Tr. 24. The ALJ found plaintiff had no past relevant work but, as there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled. Tr. 34-36.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

[1] 20 C.F.R. §§ 404.1520, 416.920.

(9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

Plaintiff argues the ALJ failed to adequately consider or explain his consideration of the limitations resulting from plaintiff's migraine headaches and the RFC determination thus fails to reflect all the limitations caused by plaintiff's medically determinable impairments. Dkt. 13 at 1. She asserts, despite acknowledging plaintiff's headache reports and treatment for migraines, the ALJ failed to explain how the impact of her migraines and related symptoms were accounted for in the RFC determination. Dkt. 13 at 3.

Plaintiff's RFC is the most she can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC assessment considers the limitations caused by plaintiff's medically determinable impairments, including the impact of any related symptoms. SSR 96-8p. Where, as here, the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her symptom testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding plaintiff's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). An RFC assessment that fails to account for all a claimant's limitations is defective. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

In rejecting plaintiff's symptom testimony, the ALJ found that inconsistencies undermined her testimony. Tr. 26. The ALJ may consider the consistency of a claimant's statements, both internally and with other information in the record, when evaluating her symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); Social Security Ruling 16-3p. Here, the ALJ found plaintiff's activities were inconsistent with her claims, noting plaintiff completed a graduate degree during the relevant period and worked in two quarters of 2024. Tr. 26. The ALJ found plaintiff's allegations were inconsistent with her contemporaneous reports in the record, noting plaintiff told a provider in March 2023 she walked without restrictions. Tr. 26. The ALJ found plaintiff's testimony about needing a caregiver and about cognitive and social limitations were inconsistent with her activities that included volunteering, walking the dog, doing well on schoolwork, going to Wild Waves, spending time with friends, and cleaning and organizing her house. Tr. 26-27. The ALJ found plaintiff's testimony that she uses an assistive device was inconsistent with her report to a provider that she no longer used an assistive device and with normal findings, including normal gait, on exam. Tr. 27. And the ALJ found plaintiff's ability to complete a graduate program, even with accommodations, was inconsistent with a disabling mental health condition. Tr. 27.

Some of these findings referred to specific impairments such as mental health impairments or specific allegations such as the need for an assistive device. Others were generic in nature, referring to inconsistencies generally. But the ALJ did not identify any inconsistencies in plaintiff's reports about migraines or explain how the inconsistencies that he identified were applicable to her testimony about migraine symptoms. Generic findings of inconsistencies, or even specific findings of inconsistencies regarding other symptoms, are not sufficiently specific to support the ALJ's rejection of plaintiff's testimony about her migraine symptoms.

The need for specificity is important when considering symptoms caused by migraine headaches, where a claimant "can both do nothing when he has severe headaches and engage in his daily activities when he does not." *Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024). Plaintiff testified she gets migraines on average three to five times per week, they last for hours and usually go away by the time she wakes up, and that she takes medication and uses a Cefaly device to massage the nerves. Tr. 114-15. The ALJ did not explain how plaintiff's ability to engage in activities such as spending time with friends, cleaning and organizing her house, or even completing graduate-level schoolwork, which can be completed at a time of the student's choosing, is inconsistent with plaintiff's testimony of three to five migraines per week lasting for hours at a time. The ALJ failed to make specific findings supported by substantial evidence regarding inconsistencies in plaintiff's testimony about her migraines. Accordingly, the ALJ failed to provide valid reasons to reject plaintiff's testimony about migraine symptoms in this regard.

The ALJ also found the objective medical evidence was not consistent with the degree of limitation plaintiff alleged. Tr. 28. A lack of supporting objective medical evidence is a relevant factor the ALJ may consider when assessing a claimant's testimony, but it cannot be the sole reason an ALJ discounts subjective complaints. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ noted the medical record included treatment for migraines prior to the alleged onset date. Tr. 28. The ALJ also described the treatment plaintiff sought after her March 2023 car accident for headaches, migraines, and post-concussive symptoms, noting plaintiff was consistently found to be in no acute distress, she had largely normal neurological findings in June 2023, she reported in July 2023 that her headaches were better but she continued to have them, and she tried numerous different medications and other treatments including Botox, a Cefaly

device, physical therapy, and injections/nerve blocks. Tr. 28-29. The ALJ also noted plaintiff reported in June 2024 that she continued to have daily headaches, but they were less severe, and with Emgality injections she would get a headache for about a day, but the pain was less intense. Tr. 29. The ALJ noted in early 2025, plaintiff continued with her neurology appointments for her headaches, her medication was again revised, and she started Botox. Tr. 30.

The Court first notes because the Court has found the only other reason the ALJ gave to discount plaintiff's testimony, inconsistencies with the record, to be invalid with respect to plaintiff's headache testimony, a lack of supporting objective evidence cannot be the sole reason to discount that testimony. And even considering the merits of this reason, the Court finds the ALJ failed to explain how the objective medical evidence was inconsistent with plaintiff's testimony. The ALJ described ongoing treatment for migraines, including medication adjustments, prescribed medical devices, and injections, but did not explain how that evidence or other objective medical evidence was inconsistent with plaintiff's migraine testimony. Merely describing the objective evidence and stating that it is inconsistent with the degree of limitation plaintiff alleged is not sufficiently specific to discount plaintiff testimony. For these reasons, this was also an invalid reason to discount plaintiff's headache testimony.

Because the ALJ failed to properly consider the limitations caused by plaintiff's migraine headaches, the ALJ's RFC assessment is unsupported by substantial evidence and therefore harmfully defective. Accordingly, the Court remands this case for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate plaintiff’s testimony regarding the limitations caused by her migraine headaches and reassess her residual functional capacity. The ALJ shall further develop the record and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 26th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge